My name is Larry Spong, representing the government in this case. I'd like to reserve ten minutes in rebuttal and to respond to any arguments brought by the appellee in his cross-appeal. In this case, the district court erred when it applied an 8-level enhancement to the appellee's offense level rather than a 16-level enhancement under guideline 2L1.2. That guideline requires that where a defendant has been convicted of a crime of violence and defining a crime of violence as including burglary of a dwelling, that person should be given a 16-level enhancement. In this case, the appellee was convicted of first-degree burglary under California Penal Code Section 460, which defines first-degree burglary as burglary of an inhabited dwelling. Therefore, the 16-level enhancement should have been applied. Why did the district court do something else? Your Honor, the district court, I believe, was persuaded by the defendant's argument that the defendant was only a, quote, lookout. Thus, he was aiding and abetting the first-degree burglary and, therefore, should only have an 8-level enhancement. I think the district court was just simply incorrect when it did that. First... California law doesn't differentiate under, if you're convicted of first-degree burglary, whether it's an 8 or an abetter theory or whether you're the one that entered, it doesn't differentiate, right? Or a co-conspirator, you're guilty of first-degree burglary. Right, you're guilty. Now... That's your case. Yes. Maybe we should hear from the other side. Thank you. There you go. I mean, I'm reading the language here, and the application notes, and crimes of violence as burglary of a dwelling, and he was convicted of burglary of a dwelling. Good morning, Your Honor. Steve Hubachek, Federal Defenders, deep in the hole on behalf of Mr. Rodriguez-Rodriguez. But I'm ready to dig out. Go for it. I think that the first question, and I think that it was your question, Judge Trott, about why did the district court make this error? Assuming that it is an error, I don't think that it is. But the answer to that should have been from Mr. Spong that the government didn't do anything before the district court. Judge Callahan's series of questions in the rebuttal argument in the last case, what do we do when we're faced with a district court judge who's never offered any of the arguments that you want to rely on an appeal? How do we find that that's error? Well, that's exactly what happened here. Well, if it's legal error as opposed to, he's asking us to reverse the judge for abusing discretion or clear error or anything. Isn't that different than legal error? Well, this is still a I mean, as judges, we're supposed to know the law. That's what they told us, regardless of whether the lawyers tell us it correctly or not. Well, this is still a plain error review that this court should be undertaking. In our response brief, in our, I guess, our first brief on cross-appeal, we argued that, in fact, that this court should apply a plain error analysis if it finds that the issue isn't waived entirely by the government. And the government had no response to our plain error argument. So I think they've waived the right at this point to claim that any standard review other than plain error should be applied. So what I'd like to do is I sent up a 28-J letter about two weeks ago citing to the Veek case. That's V-I-E-K-E. It's 348 Fed Third 811. And what that case says is that when the government makes a pro forma objection, and I'll quote now, a perfunctory objection that raised none of the arguments now advanced on appeal, that that's not good enough for plain error review under these circumstances. Well, let's see whether you're correct in your characterization of this as a perfunctory objection or a statement or whatever. Who's Mr. Alexander? Mr. Alexander was the prosecutor. Right. And he says, Your Honor, I think probation would be in a better position to address this after the argument was that he did not plead guilty as a principal, et cetera, et cetera. And he says the defendant was involved in the burglary of a dwelling. Bang. I mean, right there. Read the comment note. Read the guidelines. It's all over. Sixteen points. Specifically, in the notes to 2L12, there's a reference in which when talking about a, quote, crime of violence under definition B22, there's a reference to burglary of a dwelling as being included. And in this case, there is a reference to the California statute being overbought concerning burglary. So he says this is a, had this been a burglary of a garage or something else, then he wouldn't qualify, but this was a burglary of a dwelling. So what's, I don't understand what's so perfunctory about that when the prosecutor says burglary of a dwelling, it's right there at 16 points. If the defense argument had been that there's no proof that this was a dwelling type offense, that it wasn't, there was no proof it was a first degree offense, then I would agree with Your Honor. But the defense arguments that were laid out in oral argument before the district court were, number one, that the aiding and abetting elements under California law for burglary are different than categorical approach burglary under Taylor. That was argument number one. Argument number two was this California burglary did not have an unlawful entry requirement, which is also required under Taylor. These arguments did not respond to... California burglary law doesn't have an unlawful entry requirement? That's correct. I'm lost. I mean, I prosecuted thousands of burglary cases, and burglary involves an entry with intent to commit a felony. I agree. It's just an entry. There's no requirement that the entry be unprivileged, without consent, without license. And that's what Taylor... Entry with the intent to commit a crime or theft inside. Right. That's what it requires. But that's not what Taylor requires. Taylor requires not only that you have the intent to commit a theft inside, but also that your entry be unprivileged, without consent, without license. My street answer to this is, so what? Because the guidelines and the commentaries say burglary of a dwelling. Right. And he pleaded guilty to burglary of a dwelling. The reason that I get past the so what test is that this is not a burglary, because burglary is defined in Taylor, and this definition of burglary that's employed in California does not comply with Taylor. So your argument is that no California burglary? No. I'm not saying that. I'm saying that there could be situations where on a basis that I was able to meet the test. How? By demonstrating that the defendant admitted specifically that I entered without consent or that I entered without privilege. And I'm not making this stuff up about... Here he admitted that he entered to commit a crime or theft. Well, he actually didn't admit that he entered. But the bottom line is that the charging document in this case has the same language as the California Supreme Court People v. Burks case. And People v. Burks says that that language does not charge a trespassery type entry. That's what Taylor requires. And this court has already held that in the Ateague case. It's T-I-G-H-E. This court has held that Taylor requires that the entry be unprivileged or without consent. California doesn't require that. The charging document in this case didn't require that based upon the People v. Burks case. And Mr. Rodriguez, Mr. Rodriguez didn't admit that. Now, getting back to my plain error argument, the reason this court should be reviewing for plain error was the government never addressed that issue. It never addressed the issue of whether or not there's the right entry. And it never addressed the issue of whether or not there's the right mens rea under aiding and abetting. That's why this is a perfunctory pro forma analysis. And the district court repeatedly pointed that out to the government. The district court said at page 86 of the excerpt of record and page 157 of the defendant's excerpt of record that there was essentially no opposition filed here. Wasn't his argument that there wasn't an entry was because he was an aider and abetter and he was a lookout? Not because the crime didn't require an unlawful entry or an entry. Wasn't that your client's argument? No. He didn't enter because he was a lookout. That's certainly what my client was saying when he pled guilty in the state court hearing. But the argument that was raised on his behalf in the proceedings below before the district court was the legal argument that I'm talking about today, both of them. And in one of the excerpts of record, the entire defendant's sentencing memorandum is put in there. So it's clear that the very legal issues that I'm talking about today were not argued below. What did the probation report say? The probation report just simply said this is a burglary of a dwelling. It  said that the probation report in the Rule 35 motion that the government filed made a specific finding that the probation officer's report did not address the defendant's argument. And that's a defendant's excerpt of record page 173 where the district court said, quote, the probation report did not address the defense argument in this case. So the arguments that the government is making today were never made in the district court. That's why this court should be reviewing for plain error. And again, I go back to the Veek case where I started, which says that when there's a pro forma perfunctory objection, and that's what it is here in this case, because they didn't address the legal issues that were explicitly raised below by the defense and that the district court relied upon, then this court should review for plain error. There's been no showing. The government hasn't even argued in any of their pleadings, in their briefs, that there's a substantial right of the government at issue in this case. And ultimately, it's a you should notice this issue at all, and I would strongly urge that you not do it, because the government itself has already conceded that the sentence in this case was not so bad. If you look at the excerpt of record, this is the government's excerpt of record, at page 92, government counsel, when the district court judge was imposing sentence, said, quote, at some level, close quote, and there's a 30-month sentence approximately, quote, that probably would be appropriate in this case, close quote. So the government is asking you to review for plain error and exercise your discretion in their favor, which Veek describes as extraordinary under these circumstances. Hold on a second. You're saying the government said that this is an appropriate sentence? Yes. At page 92 of the excerpt of record. 92. Veek describes this as an extraordinary move on the part of a court to grant the government relief under these circumstances, and you shouldn't do it in a case where the government has already told the district court that the sentence was okay. Now, there's a lot of good reasons for it. I mean, there were a lot of facts presented below that aren't part of this appeal as to abuse that this man had suffered earlier in his life, and the district court actually gave him a departure based on that. So ultimately this isn't the case to exercise your discretion. Now, I also don't think that the You know, I'm still hung up on something else. Read exactly what you say the prosecutor said that accepted this sentence. My Xerox copy is screwy here, and I can't find the pages on the bottom of it. Okay. At the top of page 92, it says What's the number at the top of the page you're reading? Page 25. Okay. So the appropriate sentence Read it for me. Sure. I'm happy to hand you my copy, too. I've got 25 now. I just can't see the number on the bottom. Okay. This defendant is essentially going to serve the same sentence that he served when he previously entered a guilty plea. And at some level, that probably would be appropriate in this case. And with that, the government would submit. Okay. I got it. So basically, we have a situation where the government is asking this court to do something that Veek describes as extraordinary based upon a sentence that it told the district court was okay based upon legal arguments that it never revealed to the district court, even though the district court continued the sentencing hearing so that the government could make its arguments. So basically, this is not the case for this court to exercise its discretion on plain error review. I also don't think, assuming that there is any error in this case, that the error is plain for two reasons. Number one, the argument that aiding and abetting under California is not sufficient is an argument that this court hasn't addressed in this context. This court's en banc decision in Corona said that California aiding and abetting law is very broad. We've identified a court in California aiding and abetting law as to burglary that doesn't require that the defendant's mens rea as an aider and abetter be formed until after the entry. That's the I can't remember the name of the case, but it's cited in the briefs. So that's basically what California law is. This court has never addressed that issue. So I don't think that a judge's error, if it's error at all, could be plain given the fact that this court has never addressed that issue. I think you made your point pretty clearly. Let's hear from the other side and then we'll get into the process. Thank you, Your Honor. As to whether there was a pro forma objection or not, Your Honor, the government was in agreement with the pre-sentence report had made it clear that the defendant was charged with first degree burglary under 459 and 460. And the pre-sentence report made it clear that he had pled guilty to that count. Therefore, he was pled guilty to a burglary of a dwelling. It was burglary of a dwelling for purposes of the guideline. The probation officer had not even considered that or had somehow missed that when he first did it and added an addendum to make it clear that that was the case. So once that was done, the government had no objection to make. How do you respond to the argument that at some level the government ought to be stopped to appeal this because you acquiesced in the sentence by saying, and at some level, that probably would be appropriate in this case? I think, Your Honor, first of all, that is looking at the fact after the court has already indicated that it's going to apply an 8-level, not a 16-level enhancement. And I think all the prosecutor is doing there is looking at it and saying, okay, this person served 30 months. I guess that would be okay in this case. I don't think that stops us from saying, no, that's not the appropriate sentence under the law. Why not? I mean, if you tell the judge it's appropriate, this is what he served before, it's appropriate. Well, first of all, he said probably would be appropriate. We don't say it is appropriate. And secondly... We should write an opinion. No, but I don't... Your Honor, first of all, this is the statement of an assistant United States attorney at sentencing. It's his last comment at the sentencing where it's clear the court has already gone against him. And I think this is just sort of a throw-in statement. I don't think it's the kind of statement... You're not wanting to evoke the ire of the Federal judge there? Yes. So it's the same as saying, thank you very much, Your Honor. In some sense, yes. I would think so. But in any event, even if there's no... Assuming that the government had some burden to make an objection, this Court has always found that a district court's holding can be... Well, I should say, a claim that is raised, any claim that is raised, then any arguments can be made regarding that claim, regardless if those arguments are made below. In any event, I think it's clear here that this was a burglary of a dwelling. That's what the defendant pled guilty to. I think all this talk about aiding and abetting and the intent to come in and after just sort of leads us down a path that we need not go. And if nothing else, it's just wrong. Taylor doesn't say you need an unlawful entry. It says, unlawful or remaining in, a dwelling with the intent. So it clearly doesn't require that entry. And with that, we submit. Thank you. Let's hear the cross appeal. May I make a couple comments about the burglary issue? Nope. With respect to the cross appeal, the only issue I'd really like to address this morning would be the Miranda waiver issue. Basically, what we have is there's two agents involved here. There's Agent Overton who says, I read the guy his rights. Then there's Agent Garcia who testifies both at the motion hearing and at the trial. Agent Garcia's testimony at the motion hearing is I didn't read the guy his rights. He doesn't ever testify that there's a waiver. He doesn't ever say that the guy agreed to so forth. What they rely upon is contained at page one of the government's supplemental excerpt of record. The government's supplemental excerpt of record is contains what's called an affidavit and it reflects on the top of it that Agent Desmond Garcia, he's the second agent, the one who at the motion hearing testified that he didn't read Mr. Rodriguez's rights is the individual who went over this document with him. The government relies upon this document to demonstrate the waiver. There is a point in the document where it says, I'm willing to make a statement without anyone else being present. I swear that I will tell the truth, the whole truth, and nothing but the truth. If you rely on this, you would find a waiver. The reason that you shouldn't rely on this is that Garcia is the affiant here. This document purports to say that Garcia read Mr. Rodriguez's rights. So the document itself is internally inconsistent. It says on the one hand, I waive my rights, but it also says that Agent Garcia is the one who read them to me. So Agent Garcia's motion hearing testimony and I have to concede, not his trial testimony, but his motion hearing testimony which Judge Thompson, who is the judge who ruled on the Miranda motion, the testimony that he heard directly contradicted the affidavit. So I think under those circumstances, when you go back to Miranda and the government's significant burden to actually prove a waiver, when you have a document that is internally inconsistent, that there's really no testimony to indicate that the defendant went over it carefully or understood anything about it, that that's by definition an insufficient showing of waiver. And you timely made this specific argument to Judge Thompson and how did he respond? There was an argument, well, I don't think that the discrepancy here was pointed out. And I think, if you find that I've waived that and you find the government waived theirs, then it's a question and I'll be happy. Okay. And that's all I have to say on that issue. Thank you, counsel. Your Honor, the question here is waivered. And the defendant was asked, are you willing to answer my questions at this time without a lawyer present? The answer was yes. The defendant waived his rights there. And that's the government's argument. If you have any questions, I'm going to Well, now you're making a pretty perfunctory argument. Don't say thank you very much. Well, I mean, the defendant here, the testimony is he was read his rights by Mr. Overton. Then he was provided with this affidavit and he answered questions. Are you under the influence of mind-altering substances? No. Are you willing to answer my questions? Yes. And then he went on, do you swear that all the statements you make will be true? Yes. What is your name? Jose Rodriguez. And he went on and answered all the questions. Under the totality of the circumstances it shows. He was aware. He responded appropriately to all the questions. He knew what was going on. He'd been read his rights. He was asked specifically, are you willing to waive them? He did so. Under, under, not only is there a specific waiver, but even under block, under the implied waiver, looking at the totality of the circumstances here, there's also a waiver. There's just nothing to suggest that the defendant did not understand what he was doing, nor did he not understand what his rights were. Thank you, counsel. Thank you. Do you have anything to add or are you submitting? I've submitted, Your Honor. All right. The case just argued and we thank you both very much. This order is submitted for decision and we will move to the next case on the calendar, which is United States v. Roberto Martinez Martinez. Anybody need a break? I'm okay.
judges: Hall, Trott, Callahan